UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **JAKE MORGAN** | \* | **CIVIL ACTION NO. 06-0497** |
| **VERSUS** | \* | **JUDGE JAMES** |
| **CHARLES MCDONALD, ET AL.** | \* | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment filed by two of the named defendants herein, Greg Emfinger and the City of Mangham, [doc. # 20].[1]  For reasons assigned below, it is recommended that the motion be **GRANTED**, and that plaintiff's claims against said defendants be **DISMISSED** with prejudice.

### Procedural History

On, or about March 26, 2005, Officer Greg Emfinger of the Mangham Police Department received a call from dispatch stating that there was a vehicle traveling from lane to lane on the highway at a slow rate of speed.  (Greg Emfinger Depo., pg. 5; Def. Exh. A).  Pursuant to the call, Officer Emfinger located and stopped a vehicle operated by Jake Morgan.  *Id*. at pg. 8. Upon approaching the car,  Emfinger noticed a strong scent of alcohol.  *Id*.  Accordingly, Officer Emfinger attempted to administer one or more field sobriety tests to Morgan.  *Id*. at pg. 9.[2] However, Morgan refused to perform the walk and turn test, and was thereafter handcuffed and

---

[1] The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See*, January 22, 2007, Electronic Order).

[2] Officer Emfinger stated that he administered an eye test and the one-leg stand test.  *Id*. at pg. 9.  Morgan denied performing any of the tests.  (Jake Morgan Depo., pgs. 115-116).

placed under arrest. *Id*. at pg. 10. As he was placed in the squad car, Morgan purportedly told Emfinger that he needed his black bag. (Morgan Depo., pg. 120). Morgan further claims to have told Emfinger that the bag contained his medication, but admits that he did not tell Emfinger what the medication was for. *Id*. at 121.[3] Emfinger did not retrieve the bag. He contends that Morgan did not say anything about the black bag at that time. (Emfinger Depo., pg. 10).

Emfinger transported Morgan to the Sheriff's office in Rayville to undergo an intoxilizer test. *Id*. at pgs. 12-13. The test results indicated that Morgan's blood alcohol content was well over the legal limit. *Id*. Accordingly, Morgan was re-handcuffed and advised that he was under arrest for "DWI." *Id*. As Emfinger gathered his paperwork to transport Morgan to the detention center, Morgan lay down on the floor exclaiming that he needed his black bag and that he could go no farther. *Id*. at pg. 14.[4] Morgan complained that he could not breathe, but did not explain why he needed his black bag. *Id*. Officer Emfinger ensured that Morgan was still breathing, and helped him back onto a chair. *Id*. at pg. 15. Morgan continued to breathe and talk normally. *Id*.[5]

Emfinger proceeded to transport Morgan to the Richland Parish Detention Center where he was booked into the facility. (Emfinger Depo., pg. 16). After finishing the requisite paperwork, Emfinger departed. *Id*. at pgs. 16-17. Emfinger had no further interaction with

---

[3] The black bag contained a blood pressure machine and blood pressure medication. (Morgan Depo., pgs. 121, 128).

[4] By this time, the wrecker service had towed Morgan's car (with the bag) to their shop. (Morgan Depo., pg. 41).

[5] Morgan does not seem to recall the events at the Sheriff's office. (*See*, Morgan Depo., pgs. 12-13, 122).

Morgan after he dropped him off at the detention center. (Morgan Depo., pg. 65).[6]

The next day, Morgan complained to detention center staff that he needed his medication. *Id*. at pg. 125. The nurse (or someone at the facility) asked him what kind of medicine it was so that they could "match it up" for the time being. *Id*. However, Morgan could not remember the name of the medication. *Id*. at pgs. 125-126. He also did not provide his doctor's name because he did not have his "identification." *Id*.

Morgan bonded out of the detention center two days after his arrest. *Id*. at 133. He was without blood pressure medicine during this one and one-half to two day period. *Id*. During this time, Morgan did not "feel right." *Id*. at pg. 126. However, no physician has opined that Morgan sustained any harm or injury by foregoing his blood pressure medicine for two days. (Morgan Depo., pgs. 133-134).

On March 23, 2006, Morgan filed the instant complaint against *inter alios*, Greg Emfinger and the City of Mangham.[7] Plaintiff alleges that these defendants violated his right to travel under the Privileges and Immunities Clause of Article IV of the U.S. Constitution and the Fourteenth Amendment to the Constitution. (*See*, 1st Amend. Compl., ¶ XXXV). He further contends that defendants deprived him of his medication because he is African-American, and argues that defendants violated his rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. *Id*. at ¶¶ XXXIII and XXXIV. Plaintiff seeks to

---

[6] After Emfinger departed, Morgan alleges that he was physically assaulted and pepper-sprayed by deputies at the detention center. (*See*, 1st Amend. Compl., ¶¶ XVIII-XXI). This separate incident is not at issue in the instant motion for summary judgment.

[7] The other defendants include the Sheriff of Richland Parish and two deputies, Luke Stowe and Chris Vinson. Their liability is not the focus of the instant motion for summary judgment.

vindicate these rights pursuant to 42 U.S.C. § 1983.  *Id*. at ¶¶ XXXI and XXXIV.

In addition to his federal cause of action, plaintiff contends that defendants violated his rights under the Louisiana Constitution.  *Id*. at ¶¶ XLV-XLIX.  Plaintiff also seeks recovery under Louisiana tort law pursuant to Civil Code Articles, 2315, 2316, 2317 and 2320.  *Id*. at ¶¶ LIII, *et seq*.

On January 19, 2007, defendants Emfinger and the City of Mangham filed the instant motion for summary judgment.  Following a delay for briefing, the matter is now before the court.

## **Summary Judgment Principles**

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56;  *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992).  "In order to defeat a properly supported motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a 'fair-minded jury' that it is entitled to a verdict in its favor."  *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995)(citing, *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

In response to a properly supported motion for summary judgment, the non-movant may not rest upon the mere allegations or denials contained in his pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).  In other words, once the moving party points to an absence of evidence in

the nonmoving party's case, the nonmovant must come forward with summary judgment evidence sufficient such that, if introduced at trial, it would suffice to prevent a directed verdict against the nonmovant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

## Analysis

1) <u>Constitutional Claims</u>

During the relevant period, plaintiff was a pretrial detainee. As such, his constitutional right to medical care (as enforced against a state actor) stems not from the Eighth Amendment, but from the due process guarantee of the Fourteenth Amendment. *Hare v. City of Corinth,* 74 F.3d 633, 639 (5th Cir.1996)(*en banc)*.[8] When a pretrial detainee brings a claim for the denial of medical care which is directed toward a particular incident, it is properly analyzed as an episodic act case, and a deliberate indifference standard is applied. *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997)(quoting *Hare,* 74 F.3d at 644); *Nerren v. Livingston Police Dept.,* 86 F. 3d 469 (5th Cir. 1996).[9]

To establish liability, a detainee must "show that the state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000); *see also Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285 (1976). More specifically, deliberate indifference in the context of an episodic failure to provide reasonable medical care to a pretrial detainee means that: (1) the official was

---

[8] Yet, the analysis is usually the same. *See*, fn. 9.

[9] This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. "[T]here is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir.2001).

5

aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the official actually drew that inference; and (3) the official's response indicates that the official subjectively intended that harm occur. *Thompson v. Upshur County, Tx.,* 245 F.3d 447, 458-59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997); *see also, Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999).

For purposes of this motion, the court accepts as true plaintiff's allegation that he told Emfinger that he needed his black bag because his medication was inside. (Morgan Depo., pg. 120-121).[10] However, there is no evidence that Emfinger knew that the medication was to control a potentially serious medical condition or that Morgan would suffer substantial risk of serious harm if he did not retrieve the bag. *Id.* Rather, during the brief period that Morgan exhibited distress, Emfinger's concerned response belies any allegation of deliberate indifference to Morgan's well-being.[11] Moreover, for a delay in medical care to be actionable, there must be

---

[10] On a motion for summary judgment, the court resolves disputed facts in favor of the non-moving party. *Barrow v. Greenville Independent School Dist.*, ___ F.3d ___, 2007 WL 575810 (5th Cir. 2/26/07).

[11] Emfinger ensured that Morgan was breathing, helped him to a chair, and monitored his breathing before transporting him to the detention center. (Morgan Depo., pgs. 14-15). Plaintiff does not recall this episode.

deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Valera v. Thomas*, 205 Fed. Appx. 306, 2006 WL 3311069 (5th Cir. 2006)(jail's policy of confiscating prescription medication upon intake did not violate constitutional rights where there was no injury). Here of course, plaintiff did not suffer any serious harm. (Morgan Depo., pgs. 126, 33-134).

Plaintiff's equal protection claim is equally unsupported. "To state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Priester v. Lowndes County,* 354 F.3d 414, 424 (5th Cir. 2004) (citing *Taylor v. Johnson,* 257 F.3d 470, 473 (5th Cir.2001)). In response to defendants' motion, plaintiff has not adduced any evidence that he was treated differently from other similarly situated individuals. There is also no evidence that Officer Emfinger acted with discriminatory intent toward Morgan.

Plaintiff further argues that defendants violated his constitutional right to travel as protected by the Privileges and Immunities Clauses of Article IV of the U.S. Constitution and the Fourteenth Amendment to the Constitution. (*See*, 1st Amend. Compl., ¶ XXXV). However, the right to travel as recognized by these provisions applies to interstate travel, not intrastate travel. *See, Saenz v. Roe*, 526 U.S. 489, 119 S.Ct. 1518 (1999); *Lutz v. City of York, Pa.*, 899 F.2d 255, 264 (3rd Cir. 1990). There are no allegations or evidence that Morgan was engaged in interstate travel at the time of the events at issue.[12] Any questions regarding the propriety of the arrest are

---

[12] Morgan was a resident of Marrero, Louisiana, traveling to Monroe, Louisiana. (1st Amend. Compl., ¶ IX).

7

muted by the subsequent, resulting convictions.[13]

In his motion, Emfinger also contends that he was entitled to qualified immunity. Qualified immunity shields a state official from personal liability for damages under § 1983 when the official's exercise of discretionary authority results in a violation of an individual's federal constitutional or statutory rights. *Palmer v. Johnson,* 193 F.3d 346, 351 (5th Cir. 1999).[14] A public official or employee is entitled to qualified immunity for civil damages unless his conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because Morgan has failed to establish a constitutional violation, Emfinger is clearly entitled to qualified immunity for his actions. *See Sanchez v. Swyden*, 139 F.3d 464, 466-7 (5th Cir. 1998) (describing qualified immunity as involving a two step inquiry: (1) whether the official's conduct violated a clearly established constitutional right and (2) whether the official's conduct was objectively reasonable).

Turning to plaintiff's constitutional claims against the City of Mangham, the court observes that to impose liability against a municipality for the misconduct of one of its employees, the plaintiff must demonstrate that the constitutional deprivation was caused by a policy or custom of the municipality. *Kohler v. Englade*, 470 F.3d 1104, 1115 (5th Cir. 2006)(citing *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-691, 98 S.Ct. 2018, 2036 (1978)). "In a Section 1983 case, the burden of proving the existence of an unconstitutional

---

[13] Morgan was convicted of driving while intoxicated, violating the open container law, and illegal lane usage. (Morgan Depo., pgs. 11-12).

[14] Plaintiff concedes that Emfinger's actions involved the exercise of discretion. (Opp. Memo., pg. 6).

municipal policy or established custom rests upon the plaintiff." *McConney v. City of Houston*, 863 F.2d 1180, 1184 (5th Cir. 1989). In the case *sub judice*, plaintiff has not established an underlying constitutional violation by a City of Mangham employee. *A fortiori*, he has not identified a precipitating municipal custom or policy. Plaintiff concedes as much in his memorandum. (Opp. Memo., pg. 7).[15]

Plaintiff argues that his claims for alleged violations of the Louisiana Constitution "are analogous." (Opp. Memo., pg. 7). Presumably, he means that they are analogous to his claims under the U.S. Constitution. Plaintiff does not further expound upon his state constitutional claims, or otherwise attempt to differentiate them from his federal constitutional claims. Thus, the court's resolution of the latter claims compels the same result as to the former. *See*, discussion, *supra*.

2) Tort Law Claims

Citing Louisiana Civil Code Articles 2315 and 2316, plaintiff contends that Officer Emfinger was negligent for failing to provide him with proper medication. (1st Amend. Compl., ¶ LIX). Articles 2315 and 2316 provide the basic foundation for delictual liability in Louisiana. *Granda v. State Farm Mut. Ins.*, 935 So.2d 698, 702 (La. App. 1st Cir. 2006).[16] Liability

---

[15] Plaintiff asks the court to dismiss his § 1983 claim against the city without prejudice so that it may be reinstated should discovery reveal a policy or custom that caused the alleged constitutional transgression. *Id*. Yet as set forth above, plaintiff has not established an underlying constitutional violation. Moreover, a summary judgment is an adjudication on the merits of the claim. *Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 350 (5th Cir. 2001). If plaintiff needed additional time to conduct discovery he could have sought a continuance of the motion. Fed.R.Civ.P. 56(f).

[16] Louisiana Civil Code Article 2315 provides in part, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code

thereunder is considered via a duty/risk analysis. *Comeaux v. Wranglers Night Club*, 889 So.2d 464, 468 (La. App. 3d Cir. 2004). The relevant inquiries are:

(1) Did the defendant(s) owe a duty to the plaintiff?
(2) Were the requisite duties breached?
(3) Was the conduct of which the plaintiff complains a cause-in-fact of the resulting harm?
(4) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
(5) Were actual damages sustained?

*Moory v. Allstate Ins. Co.*, 906 So.2d 474, 478 (La. App. 1st Cir. 2005)(citing *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 321-322 (La. 2004)).

A negative answer to any of the foregoing inquiries precludes recovery. *Id.* (citation omitted).

When a person is arrested and remains in the custody of, or subject to, the control of the arresting officer, that officer has a duty to ensure that reasonable medical service is provided to the arrestee when the arrestee's physical or mental condition discloses the need for such services. *Abraham v. Maes* 430 So.2d 1099, 1102 (La. App. 4th Cir. 1983). In the case *sub judice*, there is no evidence that Officer Emfinger breached any duty to provide reasonable medical care to Morgan. The only time that Morgan arguably suffered any physical distress while in Emfinger's custody was when he lay down and complained that he could not breathe. However, Emfinger checked Morgan's breathing, monitored his condition, and ensured that Morgan continued to breathe throughout the remainder of the time that Morgan was in his custody. Indeed, Morgan does not even recall the non-event.

Morgan complains that Emfinger's failure to provide him with his medication caused him

---

Art. 2315(A). Louisiana Civil Code Article 2316 states that "[e]very person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill." La. Civ. Code Art. 2316.

to not "feel right"the next day at the detention center. However, Emfinger was never made aware that the medication was to control a potentially serious medical condition. Also, Morgan was no longer in Emfinger's custody at the time he complained of discomfort. There is no authority for extending the scope of an arresting officer's duty to provide medication to a pretrial detainee once the latter's custody has been transferred to a detention center which apparently has the ability to match up the detainee's medication (and actually offered to do so). Additionally, in the instant case, plaintiff suffered no cognizable injury.

Plaintiff seeks to impose tort liability against the City of Mangham for its alleged negligent hiring and failure to properly supervise or control Officer Emfinger. (1st Amend. Compl, ¶ LIII). However, having determined that Officer Emfinger was not negligent and that he did not violate Morgan's constitutional rights, there is no underlying basis for a negligent hiring/failure to supervise claim. *See*, La. Civ. Code Art. 2315. Likewise, there is no negligence to be vicariously imposed on the city. *See*, La. Civ. Code Arts. 2317 & 2320.

For the foregoing reasons, the undersigned finds that there is no genuine issue as to any material fact and that defendants Greg Emfinger and the City of Mangham are entitled to judgment as a matter of law. Fed.R.Civ.P. 56. Accordingly,

**IT IS RECOMMENDED** that defendants' motion for summary judgment [doc. # 20] be **GRANTED**, and that plaintiff's claims against defendants Greg Emfinger and the City of Mangham be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 27th day of March, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE